482 So.2d 106 (1986)
STATE of Louisiana
v.
Larry CLOUATRE.
No. KA-3572.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1986.
*107 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., and Patricia E. Black, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GARRISON, CIACCIO and WILLIAMS, JJ.
GARRISON, Judge.
The defendant, Larry Clouatre, was charged by bill of information with possession of diazepam with intent to distribute in violation of LSA-R.S.40:969. A jury found the defendant guilty as charged. The defendant was originally sentenced to thirty years at hard labor but this sentence was later amended to ten years at hard labor. Defendant now appeals his conviction and sentence.
On July 19, 1984, at approximately 9:30 a.m., Officer Patrick Warner, an undercover officer in the narcotics and drug abuse division of the New Orleans Police Department, and a confidential informant, met the defendant at a McDonald's restaurant on Franklin and St. Claude Avenues in New Orleans. The defendant told Warner that he knew someone from whom Warner could obtain valium (the common name for the drug diazepam). The defendant further stated that he and Warner could meet the seller of this drug at a Shell service station on the corner of Jackson Avenue and Magazine Street. Upon their arrival, the defendant asked Warner how many valium tablets he wished to purchase. Warner asked for twenty tablets and paid the defendant the thirty dollars requested by the defendant for this transaction. The defendant then exited Warner's car, walked over to an unidentified person who was seated in another car, and returned to Warner's car with twenty pills which he gave to Warner.
Officer Harry O'Neill testified that he tested the pills and found them to be diazepam.
A review of the record reveals that there are no errors patent.
In his first assignment of error, the defendant claims that the trial court erred in denying the defense an opportunity to inquire as to the identity and address of the confidential informant. The defendant argues that he was entitled to learn the identity of the informant because the informant was the only person, other than Officer Warner and the defendant, who knew whether or not a sale had actually occurred.
The informer privilege is the State's privilege of withholding the identity of an informant who supplies information to law enforcement officials concerning crime. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); State v. Oliver, 430 So.2d 650 (La.1983), cert. den. in Oliver v. Louisiana, 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 688 (1983). In the Oliver case, the court emphasized that a confidential informant's identity will be divulged only under exceptional circumstances. The burden is upon the defendant to demonstrate exceptional circumstances and much discretion is vested in the trial judge on the question of whether the circumstances warrant disclosure. Oliver, supra; State v. Babbitt, 363 So.2d 690 (La.1978).
Circumstances that mandate disclosure are present when the informer participated in the crime. Oliver, supra; State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), cert. den. in Dotson v. Louisiana, 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972). In the present case, the informant did not participate in the crime; she merely witnessed the drug transaction between the defendant and the undercover police officer. Additionally, *108 the testimony at trial indicates that because the police officer was already acquainted with the defendant, this transaction would have occurred with or without the informant's presence. (See State v. Ester, 436 So.2d 543 (La.1983)). Therefore, because the defendant has shown no circumstances which would warrant disclosure of the informant's identity, this assignment of error has no merit.
In his second assignment of error, the defendant contends that the trial court erred in overruling defense objections to portions of the State's closing argument. Specifically, the defense claims that the State went beyond the scope of closing argument when the statement was made that certain police officers, who were not called as witnesses, would merely have reiterated the testimony of the other police officers who were called as witnesses.
According to LSA-C.Cr.P. art. 774:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state's rebuttal shall be confined to answering the argument of the defendant.
The district attorney's objectionable remarks were made during the state's rebuttal to the defendant's closing argument. In its closing argument, the defense posed an open-ended question to the jury as to why the other police officers had not testified. In an attempt to answer this question of the defendant, the prosecutor may have overstepped the bounds of Article 774 in commenting as to how the uncalled witnesses would have testified. However, assuming that these remarks were improper rebuttal argument, this was harmless error in that the remarks did not influence the jury or contribute to the guilty verdict. State v. Knighton, 436 So.2d 1141 (La. 1983), cert. den., 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984).
The defense also argues that the trial court erred in allowing the district attorney, during rebuttal argument, to remark as to why the defense had not subpoenaed the confidential informant for trial. The State claimed that the defense demonstrated that it knew the identity of the informant by questions asked by the defense to Officer Warner concerning the informant's name and description. The trial judge had sustained the prosecutor's objection to these questions asked to Officer Warner.
In the remarks made during rebuttal argument, the district attorney stated that, "Perhaps she was not subpoenaed to testify because he also knew she would not add anything to his case." (Tr. 87). This statement was obviously made in response to the defendant's apparent attempt to discredit the State's case by asking the jury why this confidential informant was not called to testify by the State. Again, these remarks by the prosecutor may have been improper rebuttal argument. However, assuming arguendo that the remarks were improper, because we do not believe that these remarks influenced the jury or contributed to the guilty verdict, we hold that this was harmless error.
This second assignment of error is without merit.
Therefore, for the reasons stated above, the defendant's conviction and sentence are affirmed.
AFFIRMED.