ARMSTRONG, Judge.
The defendant, Darrell Johnson, was charged with and convicted of a violation of LSA-R.S. 14:30.1, relative to the offense of second degree murder. His motion for a new trial was denied, and he was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence.
The record reflects that at approximately 10:00 a.m. on August 10, 1985, police officers arrived at the corner of North Tonti and Tupelo Streets to investigate a traffic accident. The officers discovered Raymond Jones lying bleeding in a wrecked automobile. Jones was transported to a local hospital where it was discovered that he had suffered four stab wounds. Jones died shortly thereafter.
An investigation revealed that prior to the accident Jones was at the Exotic Soul Bar located at 5830 Florida Boulevard, about five blocks from the accident scene. At about 9:45 p.m. Jones offered to give Trenise Quinn and her cousin, Cynthia, a ride to another location. Ms. Quinn testified at trial that as the three entered Jones’ car, the defendant, Johnson, and two other men approached and asked Jones if he could sell them some marijuana. Jones offered to sell them one marijuana cigarette for one dollar. The four men then went to the back of the car where Jones rolled the cigarette and demanded the dollar. According to Ms. Quinn, the defendant argued that he had already paid Jones and a fight ensued. Jones broke away from Johnson and attempted to enter his car. The defendant followed and stabbed Jones once in the back and three times in the abdomen as Jones spun around to defend himself. Ms. Quinn stated that although Jones raised the trunk of the car prior to the fight, she did not see Jones arm himself or display a weapon.
The defendant testified that after agreeing to purchase the cigarette, he changed his mind and told Jones that he wanted his dollar returned. He maintained that Jones became enraged and opened the trunk to reveal a gun resting on the spare tire. The defendant contended that he then stabbed Jones with a pocket knife. As Jones *644 grabbed for the gun a fight erupted in which Jones was stabbed again. The defendant stated that he then broke from the fight and ran away, only to be followed by Jones driving his car. He finally lost Jones by hiding in a vacant lot.
A review of the record reveals that there are no errors patent.[1]
On appeal defendant asserts one assignment of error.
By that assignment of error defendant contends that the trial court erred in denying a mistrial based upon improper rebuttal argument by the prosecutor.
As noted by the State, the defense did not move for a mistrial nor request an admonition. It is well-settled that a defendant’s failure to timely move for a mistrial or request an admonition is a waiver of any error he may have claimed. LSA-C. Cr.P. Art. 771 and 775. State v. Bolton, 408 So.2d 250 (La. 1981); State v. Jones, 381 So.2d 416 (La.1980); State v. Kohler, 434 So.2d 1110 (La.App. 1st Cir.1983). However, the record reflects that the defendant did raise a timely objection and on that basis we will review the merits of his argument.
During the State’s rebuttal, the following remarks occurred:
BY MR. IUZZOLINO:
Now, some of you may be asking here, remember what Trenise said — Now, I talked to Trenise and I would suggest to you, ladies and gentlemen, that when Trenise said if he’d had a gun he would have used it, I would suggest to you from my conversations with Trenise, I would suggest to you what she meant was—
BY MR. DOLAN:
I object, Your Honor, he is not arguing the law and the evidence. He’s talking about something irrelevant.
BY THE COURT:
The objection’s overruled.
BY MR. DOLAN:
Note that objection.
BY THE COURT:
Let the objection be noted.
Defendant contends that the prosecutor’s comments improperly exceeded the scope of rebuttal argument, injecting his own personal knowledge and going beyond the evidence presented at trial.
The defendant argues that by making the above statement, the prosecutor implied that he had special knowledge unknown to the jurors which substantiated the defendant’s guilt. He projects that the prosecutor’s alleged improper comment may have swayed the jury in returning a guilty verdict.
Article 774, of the Code of Criminal Procedure provides in part “[t]he proper scope of rebuttal argument shall be confined to answering the argument of the defendant.” However, even if remarks made during rebuttal go beyond the scope of Article 774, reversible error occurs only when the reviewing court is throughly convinced that the jury was influenced by these remarks and that the remarks contributed to the verdict. State v. Jarman, 445 So.2d 1184 (La.1984); State v. Ford, 489 So. 1250 (La. 1986); State v. Byrne, 483 So.2d 564 (La. 1986); State v. Clouatre, 482 So.2d 106 (La.App. 4th Cir.1986).
In the instant case we find the prosecutor’s remarks were clearly within the scope of the evidence. Ms. Quinn testified that although she thought Jones raised the trunk in an attempt to make the defendant think he had a weapon in the trunk, “[the victim] didn’t have no kind of weapon on him, [the victim] would have used that weapon back on the defendant as the defendant was stabbing him up with a weapon. I guess he would have tried to use his weapon back on the defendant.” This testimony was repeated on cross-examination. Thus, the evidence to which the prosecutor alluded, that the victim would have used a gun if he had possessed one, was already put before the jury through Ms. Quinn’s testimony.
*645 In addition, throughout the trial the defense sought to establish that the appellant acted in self-defense when he stabbed the victim, and that the victim threatened the appellant with a gun prior to the stabbing incident. The prosecutor’s reminder of Ms. Quinn’s assertion that the victim would have used a gun if he had possessed one was merely an attempt to refute the appellant’s self-defense theory.
We find that it was the weight of the evidence, including the defendant’s admissions, which supported and influenced the jury’s finding of guilt rather than the remarks of the prosecutor. State v. Byrne, supra.
For the foregoing reasons the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The minute entry does not reflect that the defendant’s life sentence was imposed without benefit of parole, probation, or suspension of sentence. However, a review of the sentencing transcript reveals that the sentence was properly imposed according to LSA-R.S. 14:30.1.