SCHOTT, Judge.
Defendant is charged with possession with intent to distribute marijuana, diazep-am, and cocaine on December 18,1986. He filed a motion to suppress the evidence which was seized pursuant to a search warrant and a motion to compel the state to disclose the identity of a confidential informant (C/I). After hearing the testimony of the two policemen who obtained the warrant and seized the evidence the court denied the motion to suppress but ordered the state to disclose the identity of the C/I. On the state’s application we grant certio-rari in order to consider the latter ruling of the trial court.
In the December 15 affidavit for the search warrant Trooper Vinet stated: He was contacted by the C/I on December 2 and told that “Steve” was selling cocaine at 2526 Mexico Street and he was assisted by “Charles” who also sells when Steve is not available. Later that night Vinet met with the C/I and arranged for him to purchase cocaine at the address. Vinet watched the C/I enter the premises and come out five minutes later with a small bag of cocaine which he said he had purchased from Steve. A continued surveillance of these premises revealed numerous persons entering and leaving after a few minutes. On December 9 under Vinet’s direction a similar purchase of cocaine from Steve at the same premises was made by the C/I. Finally, a few days prior to December 15, a *121 third purchase of cocaine was made by the C/I under Yinet’s direction. At the trial of the motion Vinet testified he supplied all the money the C/I used to by the cocaine.
In granting the motion to compel identification of the C/I the trial court indicated that the C/I’s active participation in the crime entitled defendant to learn his identity.
In State v. Oliver, 430 So.2d 650 (La. 1983) the court reiterated the principles which control our decision. A confidential informant’s identity will be divulged only under exceptional circumstances; the burden of proof is upon the defendant to demonstrate such circumstances; and much discretion is vested in the trial judge on the question of whether the circumstances warrant disclosure. Oliver also reiterated the rule of State v. Dotson, 260 La. 471, 256 So.2d 594 (1971) that identity should be disclosed only when the informer, cooperating with the police, participated in the crime.
Defendant is charged with possession of these drags on December 18 and not on the other dates when the C/I purchased the cocaine. The date of defendant’s alleged crime is the day when the police executed the search warrant and allegedly found him to be in possession of the drags. There is no evidence that the C/I participated in the crime with which defendant is charged.
Nor is there a showing of other exceptional circumstances warranting disclosure. In his brief to this court defendant speaks 1) of ascertaining whether facts in the affidavit for the warrant are accurate and 2) of a “substantial” issue as to Steve’s identity which warrant disclosure. As to argument 1, this does not justify disclosure because the same argument could be made in every case where a search warrant is based upon reports from a C/I. As to argument 2, at the trial the state must prove beyond a reasonable doubt that on December 18 defendant possessed drags with intent to distribute. The state must establish his guilt as opposed to someone else’s, like Charles’. The C/I can’t be called as a witness by the state so no basis exists to conclude that defendant’s rights can be prejudiced by non-disclosure of the C/I’s identification.
In conclusion, we find that the trial court erred in concluding that the C/I participated in the crime and, therefore, the order to compel disclosure of the C/I’s identity constituted an abuse of discretion. Accordingly, this order is vacated and set aside and defendant’s motion to compel disclosure of the identity of the confidential informant is denied.
REVERSED.
BARRY, J., dissents.