BYRNES, Judge.
Darrell Allen appeals from his conviction of armed robbery, in violation of La.R.S. 14:64, for which he received a twenty year sentence of hard labor without benefit of parole, probation or suspension of sentence. We affirm.
FACTS
On February 5, 1987, at approximately 1:00 p.m., Darrell Allen entered the Offshore Restaurant located at 1745 Tchoupi-toulas Street. Ms. Louise Harris and Ms. Althea Matthews were working the restaurant’s two cash registers, located in the front and in the kitchen. Allen ordered a sandwich from Ms. Harris and then asked for chewing gum. Ms. Harris gave Allen the gum. Allen then went behind the counter, pulled a gun, and ordered Ms. Harris to open the front register. She complied and Allen took the money. Allen, proceeded to the kitchen and took the money from that register. Then Allen took money from Ms. Matthew’s purse, and finally fled.
Ms. Harris and Ms. Matthews gave a description of the armed robber as a black male, twenty-seven years old, about six feet tall, 160 pounds, with a one-inch jerry curl and a gold tooth. The robber was dressed in light brown pants and shirt, a black leather jacket and tennis sneakers. The police checked the area and the St. Thomas projects, but found no suspects. Allen was arrested shortly after on different charges.
On February 20, 1987, Lieutenant Sidney Bournes conducted a photographic lineup for Ms. Harris and Ms. Matthews. Each positively identified Allen as the armed robber. On April 7, 1987, Allen was charged with the armed robbery in violation of La. R.S. 14:64. On May 13, 1987, after trial, Allen was found guilty. This conviction was reversed by this court. State v. Allen, 560 So.2d 638 (La.App. 4th Cir.1990). On September 17, 1990, Allen was retried but that trial ended in a mistrial. On October 9, 1990 Allen was retried again.
Allen testified at trial, disclaiming his guilt. He admitted prior convictions for carrying a concealed weapon as a convicted felon, two simple burglaries, and a criminal trespass.
Emily Walker, a witness for Allen testified that she and Allen had spent the day together having breakfast, watching television and shopping at Uptown Square and various stores on Magazine Street. She stated that they did not go to the Offshore Restaurant between those hours on February 5, 1987.
The twelve member jury found Allen guilty. On October 16, 1990, Allen was sentenced to twenty years hard labor without benefit of parole, probation, or suspension of sentence. From this conviction, Allen appeals.
ASSIGNMENT OF ERROR
In his only assignment of error, Allen contends the trial court erred in defining the term “reasonable doubt” to the jury in consideration of Cage v. Louisiana, — U.S. -, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). However this Court will not consider this issue as Allen did not object to the charge at the time of trial. Louisiana Code of Criminal Procedure article 841 states:
An irregularity or error cannot be availed of after the verdict unless it was objected to at the time of occurrence.... It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the Court, or the grounds therefor.
*488 Louisiana Code of Criminal Procedure article 801 states in pertinent part:
A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. The nature of the objection and grounds therefor shall be stated at the time of objection. The court shall give the party an opportunity to make the objection out of the presence of the jury.
This court has stated in State v. Dobson, 578 So.2d 538, 534 (La.App. 4th Cir.1991) that:
Consistant with these statutes Louisiana appellate courts have refused to consider arguments on jury charges where no contemporaneous objections were made. State v. Thomas, 427 So.2d 428 (La.1982); State v. Mart, 419 So.2d 1216 (La.1982); State v. Henry, 551 So.2d 9 (La.App. 4th Cir.1989), State v. Barbee, 543 So.2d 530 (La.App. 4th Cir.1989).
Allen argues that this Court should apply the federal court’s doctrine of “plain error” to his case, thus ignoring the above statutes. However, the Louisiana Supreme Court has consistently rejected the inclusion of the “plain error” doctrine. State v. Arvie, 505 So.2d 44 (La.1987); State v. Thomas, 427 So.2d 428 (La.1982), except in unusual circumstances as in State v. Williamson, 389 So.2d 1328 (La.1980). In Williamson, the error involved the definition of the crime to the jury. The Court distinguished Williamson unto its facts, stating “... The unique facts of Williamson required consideration of an error which casts substantial doubt on the reliability of the fact finding process.” State v. Arvie, supra, 505 So.2d at 48. Since such unusual circumstances are not present in this ease, this court will not depart from the rule against the “plain error” doctrine. State v. Dobson, supra. Thus, Allen’s contentions have no merit.
This court will not consider Allen’s assignment of error, as he did not object to the error during trial. For the foregoing reasons, we affirm the conviction and sentence.
AFFIRMED.