11JONES, Judge,
dissenting.
The defense argued in support of the motion to disclose this was a case of mistaken identity. The defense seeks the production of the informant so the informant can state the “Larry” from whom he purchased cocaine was not the defendant (and presumably was Larry Turner). The defense further argued the defendant’s explanation for why he admitted the drugs belonged to him, seeking to protect his girlfriend, will be far more credible if it is revealed another person was selling cocaine from the apartment.
The State in its writ application argues there is no need to disclose the informant’s identity because a detective watched the entire transaction and his testimony would not vary substantially from that of the C.I. The State further argues testimony indicating defendant did not sell drugs to the C.I. would not assist him in his defense because he is charged with possession of cocaine and not distribution.
In State v. Wolfe, 630 So.2d 872 (La.App. 4th Cir.1993), this Court stated:
The identity of a confidential informant who supplies information concerning a crime to law enforcement officers is privileged, and such identity should only be divulged under exceptional circumstances. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); State v.
*585 Oliver, 430 So.2d 650 (La.1983), cert. den. Oliver v. Louisiana, 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 688 (1983); State v. Clouatre, 482 So.2d 106 (La.App. 4th Cir.1986). The defendant has the burden of showing exceptional circumstances, and much discretion is vested in the trial court’s determination of whether the circumstances warrant disclosure. Oliver; Clouatre, supra.
|2Earlier Louisiana eases mandated disclosure of an informant’s identity when it was shown that the informant participated in the crime. In Oliver, the Court noted:
only when the evidence shows that the informant, in cooperation with the police, participated in the crime, should the identity be disclosed to the defendant. In such cases, the informant does more than furnish a tip that enables the police to make an arrest or search. While working with the police, he takes part in the illegal transaction itself. (At 652). Later cases from this court have adopted the three-prong test of criteria employed by the federal Fifth Circuit Court of Appeals for determining whether the identity must be disclosed:
(1) the defendant’s exceptional circumstances which require disclosure;
(2) the informant’s participation in the crime; and
(3) the state’s interest in the nondisclosure of the identity.
See: State v. Clark, 553 So.2d 1020 (La. App. 4th Cir.1989); United States v. De Los Santos, 810 F.2d 1326 (5th Cir.1987), cert. den. De Los Santos v. United States, 484 U.S. 978, 108 S.Ct. 490, 98 L.Ed.2d 488 (1987); United States v. Ayala, 643 F.2d 244 (5th Cir.1981). Although this court in Clark listed the first two prongs separately, it also noted:
These exceptional circumstances are not, however, disjunctive and, in essence, become one exceptional circumstance with treatment given to two interrelated factors. That is, the extent of participation by the confidential informant in the crime must be against the effect it has, if at all, on the ability of the defendant to properly defend his case.
This Court considered the issue of disclosure of an informant’s identity in a case similar to the instant one in State v. Thomas, 553 So.2d 980, 982-983 (La.App. 4th Cir. 1989), writ denied, 558 So.2d 568 (La.1990). In that ease we stated:
While evidence that a Cl set up or participated in defendant’s crime will justify a disclosure of his identity, his furnishing of information to police, which is used by them to obtain a search |2warrant, is not in itself an exceptional circumstance requiring disclosure. State v. McDonald [MacDonald], 390 So.2d 1276 (La.1980). When the Cl is nothing more than an informer, and does not participate in the criminal transaction which forms the basis of the prosecution, no disclosure of his identity is required. Roviaro v. United States, supra; State v. Williams, 347 So.2d 184 (La.1977).
In State v. Badie, 510 So.2d 120 (La. App. 4th Cir.1987), writ denied, 513 So.2d 826 (La.1987), this court reversed a trial court ruling compelling the State to disclose the identity of a Cl. The facts in Badie were remarkably similar to those in the case at bar. Police received information from a Cl that the defendant was selling cocaine at a certain address. Police arranged for the Cl to make a controlled buy from the defendant. The Cl was given money, and officers watched as he entered the premises in question. The Cl came out five minutes later with a small bag of cocaine. During continued surveillance of the building, police observed two more persons come and go. In the next two weeks the same Cl made two more controlled buys of cocaine from the defendant at that location.
Based upon these facts a search warrant was issued and, based upon the drugs found at defendant’s residence when it was searched, the defendant was charged with possession with intent to distribute marijuana, diazepam and cocaine. However, as in the instant case, the defendant was not charged with the sale of cocaine to the Cl, which had formed the basis for the issuance of the search warrant. Thus, the Cl did not *586 participate in the crime with which the defendant was charged. We found that there were no exceptional circumstances to justify compelling the disclosure of the Cl’s identity.
In the instant case, the Cl provided information to the police leading them to set up a surveillance and arrange for the controlled buy. Based upon information gathered from the Cl, and their own observations, police officers obtained a search warrant for the apartment in question. After a subsequent search revealed heroin, and evidence that the defendant resided in the apartment, he was charged with possession with intent to distribute heroin. The defendant was not charged with distributing the heroin to the CL Just as in Badie, supra, the Cl did not participate in the crime with which the defendant was charged.
Since the Cl did not participate in the crime with which the defendant was charged, and the defense has not shown that any other exceptional circumstances exist which would render the informer’s privilege inapplicable, we are unable to say that the trial court erred in denying defendant’s request for disclosure of the Cl’s identity. Id. at 982-983.
See also State v. Johnson, 529 So.2d 142 (La.App. 4th Cir.1988), writ denied, 535 So.2d 740 (1989).
UThe instant case is very similar to Thomas except for two aspects. First, the defendant may not have resided in the apartment where the drugs were found. Therefore, constructive possession based merely on residency will not be sufficient to convict him. Instead, the State will need to prove the defendant had actual custody and control of the drugs, proof available through two means: (1) the State can show defendant was the “Larry” who sold the drugs to the C.I., or (2) the State can rely on defendant’s taped inculpatory statement. The trial court in this case apparently found defendant’s need to attack his own statement was an exceptional circumstance which required disclosure of the informant’s identity and is material to his guilt or innocence. Secondly, this case differs from Thomas in that there is no independent evidence of drug purchases from the purported “Larry”. Unlike Thomas, Police did not personally observe the premises to note circumstances which reasonably could have been drug trafficking. I cannot say that the trial court erred in this factual determination compelling the identity of the C.I.
For these reasons, I respectfully dissent.