553 So.2d 1020 (1989)
STATE of Louisiana
v.
Charles CLARK.
No. 89-K-1523.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1989.
Harry F. Connick, Dist. Atty., Graham Daponte, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Ronald J. Rakosky, New Orleans, for defendant/appellant.
Before BARRY, LOBRANO and BECKER, JJ.
BECKER, Judge.
The defendant has been indicted for distribution of heroin. His motion for disclosure of the identity of the confidential informant was denied, as was his alternative motion for the production of the informant for trial. He now comes before this court seeking the reversal of these judgments.
On the afternoon of July 12, 1989, D.E.A. Agent Jimmie Penton and other agents formulated plans to purchase heroin from Charles Clark or his source of supply. At approximately 2:15 p.m., Agent Penton and a confidential informer departed the office of the D.E.A. and parked their undercover vehicle in the vicinity of South Lopez and Gravier Streets in the City of New Orleans. The C.I. left the vehicle in an attempt to locate either violater. Approximately 10 minutes later the C.I. and Charles Clark were observed walking from Tulane Avenue to the undercover vehicle. The C.I. *1021 entered the right passenger side of the vehicle while Clark leaned toward the passenger window. Introductions and arrangements for the purchase of drugs were made. Clark then walked away out of sight but returned approximately 5 minutes later when an exchange of the contraband and the money was made between Clark and Agent Penton. Agent Penton and the C.I. then left the area. Clark was arrested some nine months later.
At the pretrial hearing on the motion to disclose the informer defense counsel alleged the defense of entrapment between the C.I. and Clark.
The Louisiana Supreme Court has consistently held that a confidential informant's identity will be revealed only in exceptional circumstance and that the defense must demonstrate these circumstances. State v. Weems, 358 So.2d 285 (La. 1978); State v. Williams, 347 So.2d 184 (La. 1977). These exceptional circumstances as revealed through the case law of Louisiana are, 1) the extent of participation of the C.I. in the crime and 2) the indication on record of any reason why disclosure of the C.I.'s identity would be helpful in preparing a defense. Id at 187.
These exceptional circumstances are not, however, disjunctive and, in essence, become one exceptional circumstance with treatment given to two interrelated factors. That is, the extent of participation by the C.I. in the crime must be against the effect it has, if at all, on the ability of the defendant to properly defend his case.
In both Weems and Williams the Court ruled that withholding the identity of the C.I. was not reversible error but each case was decided for a different reason. In Weems, although the participation of the C.I. in the crime was rather extensive, the Court found that this alone was not enough to require disclosure. This was especially true, the Court noted, in light of the fact that the defense counsel, in his closing argument, admitted knowing the C.I.'s identity and that he knew where the C.I. lived at the time of the crime. (The crime took place in the C.I.'s apartment.) In addition the record was void of any attempt to locate the C.I. by the defendant nor was there any subpoena issued for him. Moreover, the trial court allowed full examination concerning the C.I.'s background including his criminal record, life style, drug involvement, education and the method of compensation for his information. The Court apparently felt that this was enough for the defendant to adequately prepare a proper defense.
In Williams, the Court upheld the trial judge's decision not to require disclosure of the C.I.'s identity despite his participation in the drug deal. This was decided in view of the fact that the defense did not make known to the trial judge any reasons for wanting to know the identity of the C.I. or how such disclosure would affect his defense.
In the most recent decision addressing this issue, State v. Clouatre, 482 So.2d 106 (La.App. 4th Cir.1986), the C.I. merely brought the defendant and the undercover agent together and was present at the illegal exchange. The C.I. did not participate in the exchange nor did she negotiate any part of the deal on behalf of the undercover agent. This court ruled that, although the defendant did make known his reasons for wanting the C.I.'s identity disclosed, the lack of participation by the C.I. in the crime did not warrant disclosure of her identity. Id at 108.
The U.S. Fifth Circuit uses a three-prong test in determining disclosure of a C.I.'s identity. This three-prong test, however, differs little from the exceptional circumstances requirement used by the Louisiana courts. In fact the first two prongs of this test, the level of the informant's involvement in the criminal activity and the helpfulness of the disclosure of the informant's identity to any asserted defenses, are almost identical to Louisiana's exceptional circumstances. The additional consideration used by the Fifth Circuit (the third prong) is the Government's interest in the nondisclosure of the identity. This interest is generally stated as the need to protect the informant from potential harm by a violent defendant and/or the need to use the same informant in other ongoing criminal *1022 investigations. U.S. v. De Los Santos, 810 F.2d 1326 (5h Cir.1987); U.S. v. Ayala, 643 F.2d 244 (5th Cir.1981).
Here, the defendant claims not to know the name or location of the C.I. In addition, the defendant asserts a compelling argument of entrapment which hinges on the extent of the participation of the C.I. in the crime. The participation of the C.I., i.e., what was said or done out of sight of the undercover agent, cannot be known without the C.I.'s own testimony. Moreover, applying the federal Fifth Circuit's three-prong test, there was absolutely no indication in the record by the State of special circumstances which would discourage disclosure, such as the violent nature of the defendant or that the C.I. is needed in any ongoing investigations.
We conclude that relator has satisfied the first two-prongs of the test set forth in De Los Santos. However, because we are adopting a new standard to determine whether a confidential informer's identity should or should not be disclosed, we remand this matter to the trial court in order for the State to present evidence of the State's interest in the nondisclosure of the informants identity.