654 So.2d 819 (1995)
STATE of Louisiana
v.
Maverick E. JACKSON.
No. 94-KA-1500.
Court of Appeal of Louisiana, Fourth Circuit.
April 26, 1995.
*820 Harry F. Connick, Dist. Atty., Charmagne Padua, Asst. Dist. Atty., New Orleans, for appellee.
Charles L. Elloie, New Orleans, for appellant.
Before KLEES, LOBRANO and LANDRIEU, JJ.
LOBRANO, Judge.
Defendant, Maverick E. Jackson, was charged by bill of information with possession with intent to distribute crack cocaine, a violation of Louisiana Revised Statute 40:967.
On September 7, 1993, defendant was arraigned and pled not guilty.
On November 19, 1993 the trial court, following a hearing, denied defendant's motion to suppress the evidence.
On November 5, 1994, the trial court, following a hearing, denied defendant's motion for disclosure of confidential informant.
Trial was held on April 25, 1994. Defendant was found guilty of attempted possession of cocaine by a twelve member jury.
On May 2, 1994, the State filed a multiple bill of information charging defendant as a triple offender. Defendant admitted to two prior felony convictions, possession of stolen property in 1989 and possession with intent to distribute cocaine in 1991. The court adjudicated defendant a triple offender pursuant to Louisiana Revised Statute 15:529.1 and sentenced him to thirty (30) months in the custody of the Department of Corrections.

FACTS:
On July 13, 1993, Detectives Joseph Thomas and Joseph Williams obtained a search warrant for a double house bearing municipal addresses 4105 and 4107 Gibson Street. The warrant was obtained after a confidential informant made a cocaine purchase from defendant at that location.
On July 21, 1993, Detectives Thomas and Williams accompanied by Officers Bruce Harrison and Adam Henry established a visual surveillance of the double. They observed defendant drive up to the house and enter the 4105 side.
After a short period of time, defendant exited 4105 and entered the 4107 side of the house. He then exited, left the premises and drove to a record store, then a convenience store and then returned to the double. First he entered the 4105 side, exited and then entered the 4107 side. The police then executed the warrant forcing entry into the 4107 side. Two women were seated on a couch.
*821 Tania Scott, defendant's girlfriend, ran to the rear of the residence into the kitchen and closed a set of louvre doors behind her. The police broke through the doors in pursuant. Scott was apprehended. They observed defendant speaking on the telephone. Defendant was holding something behind his back. The officers pointed their guns at defendant and ordered him to raise his hands. At that point, defendant dropped a black film canister containing crack cocaine and $200.00 in cash. The police seized a Motorola beeper from defendant's waistband. A full search of the double revealed two test tubes and plastic bags on the kitchen counter. One of the bags contained a white residue. In addition they found a lease in defendant's name.
The police then searched the 4105 side where defendant's mother, sister and aunt were present. The police discovered glass beakers, plastic bags and a gun. A narcotics canine discovered three bags of cocaine hidden behind several cook books. A further search of the 4105 side revealed an insurance book in defendant's name and more cocaine. Defendant was placed under arrest and advised of his rights. Defendant then stated that any dope found at the 4107 side belonged to his mother.
At trial, criminalist Charles Krone testified that the film canister contained 6.79 grams of cocaine. Three bags recovered at the 4105 side contained 20.78 grams of cocaine.
Defendant's mother, Annie Jackson, testified that she resides at 4105 Gibson Street and defendant resides at 4107 Gibson Street. No doors link the two sides. She stated on the night in question, she was home with her daughter Brenasha Jackson, Bobbie Brumfield and Avis Brumfield. She testified she had never seen defendant with drugs but admitted she saw the beakers on her kitchen counter.
Defendant testified at trial. He denied possessing cocaine. He admitted to having prior convictions for possession of stolen property and possession of crack cocaine. He stated he had attended a drug rehabilitation program and had submitted to random drug testing.
Defendant appeals his conviction and sentence asserting the following assignments of error.
1) Defendant asserts the record fails to establish that he was properly advised of his rights at the multiple bill hearing;
2) Defendant asserts his right to a fair trial was denied when the prosecutor during, voir dire, was allowed to discuss the facts which led the magistrate to issue the search warrants, thus, leading the jury to believe he was guilty;
3) The trial court erred by denying defendant's motion for disclosure of the confidential informant;
4) The evidence is sufficient to support defendant's conviction.

ASSIGNMENT OF ERROR 1:
Defendant asserts the record fails to establish that the trial court properly advised defendant of his right at the habitual offender hearing.
We disagree.
The sentencing transcript reveals the following colloquy between the sentencing court and defendant:
"You understand you are pleading guilty as a multiple offender. You are giving up the right to remain silent. You're giving up the right to have a court appointed lawyer for you. And you're giving up the right to have the State prove beyond a reasonable doubt that you are in fact one and the same person who has previously been convicted before of possession with intent to distribute cocaine and possession of stolen property."
In the presence of his attorney, defendant answered in the affirmative.
In addition to the above colloquy, defendant executed a form styled "Waiver of Rights-Plea of Guilty/Multiple OffenderLa. R.S. 15:529.1." Both defendant and his attorney signed the form. This form clearly sets forth defendant's right to a hearing.
Thus, defendant was adequately advised of his rights prior to pleading guilty to the *822 multiple bill. State v. Smith, 591 So.2d 413 (La.App. 4th Cir.1991).
This assignment of error is without merit.

ASSIGNMENT OF ERROR 2:
Defendant asserts the court erred in allowing the prosecutor during voir dire to "discuss the facts of the case." Specifically, defendant objects to the prosecutor telling prospective jurors that a magistrate found facts sufficient to issue the search warrants thus presenting the facts of the case to the prospective jury.
Voir dire examination is designed to test the impartiality of prospective jurors and may not serve to pry into their opinions concerning evidence to be offered at trial. State v. Corbin, 285 So.2d 234 (La.1973). Hypothetical questions, and questions which call for prejudgment of any supposed set of facts are not permissible on voir dire. State v. Thomas, 589 So.2d 555 (La.App. 1st Cir. 1991).
Generally, regulation of the scope of voir dire examination is left largely to the wide discretion of the trial court. C.Cr.P. Art. 768; State v. Watson, 449 So.2d 1321 (La.1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985).
A review of the record shows that the prosecutor's questioning of prospective jurors was directed to any bias they might have against the state should the rules of evidence preclude admission of the application for the search warrant. This is similar to the proper voir dire of prospective jurors as to whether they would be able to convict a defendant if the State could not produce the murder weapon. The prosecutors voir dire questioning was not improper.
This assignment of error is without merit.

ASSIGNMENT OF ERROR 3:
Defendant asserts the trial court erred in denying his Motion for Disclosure of Confidential Informant.
In State v. Wolfe, 630 So.2d 872 (La.App. 4th Cir.1993), writ denied, 644 So.2d 648 (La.1994), this court succinctly stated the law relative to the disclosure of a confidential informant:
"We note that even if the defendant had requested the informant's identity prior to trial, the defendant would not have been entitled to the information. The identity of a confidential informant who supplies information concerning a crime to law enforcement officers is privileged, and such identity should only be divulged under exceptional circumstances. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); State v. Oliver, 430 So.2d 650 (La.1983), cert. den., Oliver v. Louisiana, 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 688 (1983); State v. Clouatre, 482 So.2d 106 (La.App. 4th Cir.1986). The defendant has the burden of showing exceptional circumstances, and much discretion is vested in the trial court's determination of whether the circumstances warrant disclosure. Oliver; Clouatre, supra.

Earlier Louisiana cases mandated disclosure of an informant's identify when it was shown that the informant participated in the crime. In Oliver, the Court noted:
`only when the evidence shows that the informant, in cooperation with the police, participated in the crime, should the identity be disclosed to the defendant. In such cases, the informant does more than furnish a tip that enables the police to make an arrest or search. While working with the police, he takes part in the illegal transaction itself.' (at 652).
Later cases from this court have adopted the three-prong test of criteria employed by the federal Fifth Circuit Court of Appeals for determining whether the identity must be disclosed:
(1) the defendant's exceptional circumstances which require disclosure;
(2) the informant's participation in the crime; and
(3) the state's interest in the nondisclosure of the identity.
See: State v. Clark, 553 So.2d 1020 (La. App. 4th Cir.1989); United States v. De Los Santos, 810 F.2d 1326 (5th Cir.1987), cert. den., De Los Santos v. United States, 484 U.S. 978, 108 S.Ct. 490, 98 L.Ed.2d 488 (1987); United States v. Ayala, 643 F.2d 244 (5th Cir.1981). Although this court in *823 Clark listed the first two prongs separately, it also noted:
`These exceptional circumstances are not, however, disjunctive and, in essence, become one exceptional circumstances with treatment given to two interrelated factors. That is, the extent of participation by the confidential informant in the crime must be against the effect it has, if at all, on the ability of the defendant to properly defend his case. Clark at 1021.'"

State v. Wolfe, supra at 876, 877.
In the instant case, the record reflects that the police received information from a reliable confidential informant that defendant was involved in wholesale crack cocaine distribution from 4105/07 Gibson Street. The informant was accompanied by an officer to the double house where the officer witnessed the informant meet with the defendant on the porch. The two men then entered the 4105 side of the double. Shortly thereafter the informant emerged with crack cocaine and entered the police car. The officer then witnessed defendant exit 4105 and count money on the porch before entering the 4107 side. These are the facts upon which the search warrants were based.
In his motion to disclose, defendant alleged that the testimony given during the suppression and probable cause hearing indicated the informant was "directly involved in the alleged transaction" and that the "facts and circumstances of the instant case are replete with the involvement of the informant in the alleged offense." If defendant had been charged with distribution, the trial court could well have found that the informant's identity should have been disclosed. See, State v. Fontenot, 524 So.2d 867 (La. App. 3rd Cir.1988). However, defendant was charged with possession with intent to distribute. The informant was not involved in the offense for which defendant was charged. Defendant's conviction was based on the fact that drugs were found in a double house under defendant's dominion and control pursuant to the execution of a valid search warrant. Defendant's distribution of the cocaine to the informant was not part of the State's case against defendant. No evidence of distribution was presented to the jury. Therefore, there was no need to disclose the informant's identity.
This assignment of error is without merit.

ASSIGNMENT OF ERROR 4:
Defendant asserts the evidence is insufficient to support his conviction for attempted possession of cocaine.
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4th Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court is not permitted to consider just the evidence must favorable to the prosecution but must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution but must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall; Green, supra. "[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." State v. Smith, 600 So.2d 1319, 1324 (La. 1992), citing, State v. Rosiere, 488 So.2d 965, 968 (La.1986).
To support a conviction for possession of cocaine, the state must prove that the defendant was in possession of the illegal drug and that he knowingly possessed it. *824 State v. Chambers, 563 So.2d 579 (La.App. 4th Cir.1990). To prove attempt, the state must show that the defendant committed an act tending directly toward the accomplishment of his intent to possess cocaine. Id.
The officers testified they saw defendant holding the canister containing cocaine. That evidence is clearly sufficient to support a conviction for possession of cocaine, and thus is sufficient to support conviction of the lesser and included offense of attempted possession.
This assignment is without merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.