UWALTZER, Judge.

STATEMENT OF THE CASE

The defendant is charged with two counts of distribution of marijuana. The underlying arrest in the instant case was pursuant to an arrest warrant. The defendant’s motion for disclosure of the confidential informant’s identity was granted. The State now comes before this court seeking relief from this ruling.

FACTS

State Police Trooper Riley was contacted by a fellow trooper concerning a tip that the trooper had received from a confidential informant in Baton Rouge about marijuana sales in New Orleans. The Baton Rouge trooper, the C.I. and Trooper Riley subsequently met in New Orleans, and at this meeting the C.I. furnished a name of the purported marijuana seller which, when the name was run through the police computer, revealed the name of the defendant.
Troopers set up a surveillance of 1332 Crescent Street, the defendant’s address. The C.I. and Trooper Ayo (an undercover officer), went to the defendant’s house, where the C.I. introduced Ayo to the defendant, and Ayo explained that he wanted to purchase a certain amount of marijuana. The defendant told Ayo that he did not have any marijuana at that time, but he indicated that he would call Ayo on his beeper when he had some marijuana to purchase. This conversation was monitored by other officers via a transmitter Ayo was wearing. These conversations were not recorded.
Later on the same day, Ayo received a call on his beeper from the defendant. Ayo and the C.I. returned to the defendant’s house. The defendant met them at the door and talked to Ayo. During this conversation the C.I. went back to the car and waited while Ayo and the defendant talked. Ayo then purchased 110 grams of marijuana from the defendant.
|gA month later, Ayo again telephoned the defendant and expressed interest in purchasing a pound of marijuana. Ayo went to the defendant’s house and purchased a pound of marijuana from him. During this transaction the C.I. was not present. Following this second transaction, arrest warrants were issued for the defendant.

DISCUSSION

The identity of a confidential informant who supplies information concerning a crime to law enforcement officers is privileged, and such identity should only be divulged under exceptional circumstances. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); State v. Oliver, 430 So.2d 650 (La.1983), cert. den., Oliver v. Louisiana, 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 688 (1983); State v. Clouatre, 482 *274 So.2d 106 (La.App. 4th Cir.1986). The defendant has the burden of showing exceptional circumstances, and much discretion is vested in the trial court’s determination of whether the circumstances warrant disclosure. Oliver; Clouatre; supra. In Oliver, the Court noted that the identity of the informant should not be disclosed, unless he in cooperation with the police participated in the crime. In such cases, the informant does more than furnish a tip that enables the police to make an arrest or search. While working with the police, he takes part in the illegal transaction itself. In State v. Clark, 553 So.2d 1020 (La.App.4th Cir.1989) this Court listed the requisite criteria to be employed in determining whether the identity must be disclosed:
1) the extent of participation of the C.I. in the crime and
2) the indication on record of any reason why disclosure of the C.I.’s identity would be helpful in preparing a defense. Although this Court in Clark | ¿listed the first two prongs separately, it also noted that “these exceptional circumstances are not, however, disjunctive and, in essence, become one exceptional circumstance with treatment given to two interrelated factors. That is, the extent of participation by the confidential informant in the crime must be [measured] against the effect it has, if at all, on the ability of the defendant to properly defend his case”, (at 1021).
Here, the State’s application does not contain the defendant’s motion for disclosure of the informant’s identity. Thus, this court cannot determine if the defendant met the first prong of the test set forth in Clark. However, even assuming that the defendant alleged that the “exceptional circumstances” of the case were the involvement of the C.I. in the first sale, the trial court erred by ordering disclosure. All of the actions of the C.I. regarding the sales were made in the presence, of the police. Although the C.I. arranged the initial meeting with the defendant and was present when Trooper Ayo knocked on the defendant’s door just prior to the first sale, the testimony at the hearing indicates that the C.I. went back to Ayo’s ear and waited while Ayo completed the transaction. In addition, all the activities surrounding the sale were within sight of the other officers.

CONCLUSION

The disclosure of the C.I.’s identity is not warranted in this case. Accordingly, the trial court’s ruling is REVERSED and the case is remanded for further proceedings.

WRIT GRANTED. JUDGMENT OF TRIAL COURT REVERSED AND CASE REMANDED.