763 So.2d 725 (2000)
STATE of Louisiana
v.
Tony B. GILLET.
No. 99-KA-2474.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 2000.
*726 Harry F. Connick, District Attorney, Holli Herrle-Castillo, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellee.
Frederick Kroenke, Louisiana Appellate Project, Baton Rouge, LA, Counsel for Defendant/Appellant.
(Court composed of Judge JAMES F. McKAY, III, Judge MICHAEL E. KIRBY, Judge PHILIP C. CIACCIO, Pro Tem.)
*727 KIRBY, Judge.
On November 20, 1998, the defendant, Tony B. Gillet, was charged by bill of information with distribution of cocaine, a violation of La. R.S. 40:967 B(1). The defendant entered a plea of not guilty at his arraignment on November 25, 1998. A motion hearing was held on December 2, 1998. The trial court found probable cause and granted the defendant's motion to require the State to produce the confidential informant. The State informed the trial court of its intent to seek supervisory writs of review. On March 17, 1999, this Court granted the State's writ application bearing docket number 98-K-2980 and reversed the trial court's ruling. This Court held that the State was not required to produce the confidential informant. After a jury trial on March 31, 1999, the defendant was found guilty as charged. On the same day, the trial court ordered a presentence investigative report. On June 1, 1999, the trial court sentenced the defendant to serve ten years at hard labor with the first five years without benefit of probation, parole or suspension of sentence. The trial court denied defendant's motion to reconsider sentence. On the same day, the State filed a multiple bill of information, to which the defendant pled not guilty. The multiple bill hearing was held on August 31, 1999. The trial court adjudicated the defendant to be a second offender, vacated the prior sentence and resentenced defendant to serve fifteen years at hard labor, with the first five years to be served without benefit of probation, parole or suspension of sentence. The trial court denied defendant's motion to reconsider sentence.

STATEMENT OF FACTS
On November 5, 1998, Detective Daniel Jewell was working in an undercover capacity as part of a narcotics investigation called "Operation Last Call." The police were targeting the sale of illegal narcotics from within alcohol beverage outlets in the French Quarter. On that date, the officers focused on a lounge called "The Hideout" located at 1207 Decatur Street. At approximately 1:45 a.m. Detective Jewell and a confidential informant entered The Hideout. The confidential informant introduced Jewell to the defendant. The defendant asked the officer if he was looking for anything. The officer told the defendant he was looking for some powder. The defendant stated that he could help the officer and told the officer to meet him in the men's restroom. Detective Jewell told the defendant he would meet the defendant in the restroom after he purchased a drink at the bar. The officer observed the defendant walk to the rear of the lounge and then enter the restroom. Detective Jewell went to the bar, purchased a beer and then met the defendant in the restroom. The officer and the defendant were the only people in the restroom. The defendant retrieved a clear plastic bag from his pants pocket. The plastic bag contained smaller bags of white powder. The defendant asked how much the officer wanted. Detective Jewell told the defendant he wanted fifty dollars worth of cocaine. The defendant began to untie one of the smaller bags and asked the officer if he had a container for the cocaine. Detective Jewell asked the defendant the cost of one small bag. The defendant informed the officer that one small bag cost one hundred dollars. The officer then told the defendant he would take one small bag. Detective Jewell gave the defendant one hundred dollars. The defendant then gave the officer one small bag of powder cocaine. The defendant put the larger bag back into his pants pocket. Detective Jewell put the small bag of cocaine in his left boot.
After making the purchase, the officer and the defendant exited the restroom and walked outside the lounge. The defendant asked the officer if he wanted to go to the Crystal lounge located at 1135 Decatur Street. The defendant stated he wanted to leave The Hideout because "there were too many people and too many eyes" at that lounge. Detective Jewell walked to *728 the Crystal lounge with the defendant and stayed at the lounge for approximately twenty minutes. During that time, the defendant told the officer that he could get other drugs, including LSD. The officer left the defendant at the Crystal lounge. The officer obtained an arrest warrant for the defendant on November 6, 1998.
Detective Jewell next saw the defendant at approximately 12:50 a.m. on November 14, 1998, standing outside the Crystal lounge. Jewell walked up to the defendant and said hello. At the same time, the officer signaled his surveillance team that the defendant was one of the subjects for whom they had arrest warrants. Detectives Lohman, Nides and Young approached Jewell and the defendant. Detectives Lohman and Nides arrested the defendant for distribution of cocaine. Detective Young pretended to arrest Jewell in order to protect his identity.
It was stipulated at trial that the powder obtained from the defendant tested positive for cocaine.
The defendant, Tony Gillet, testified that he met Detective Jewell and another man in the early morning hours of November 5, 1998 at the Crystal lounge. The defendant had been drinking heavily that night. Jewell asked the defendant if he wanted to go to The Hideout. At first the defendant did not want to go. However, the defendant agreed to go after the person he was with left. The defendant, Jewell and the man with Jewell went to the Hideout. Jewell's companion kept asking the defendant if the defendant could get him some cocaine. The defendant spoke with several people and found someone who had cocaine. The defendant then went to the restroom and made the transaction. Jewell's companion stood outside the bathroom as a lookout. After the purchase, they had a few more drinks and then left. The defendant acknowledged a prior conviction for attempted armed robbery in Michigan in 1993.

ERRORS PATENT
A review of the record for errors patent reveals none.

ASSIGNMENT OF ERROR NUMBER 1
In his first assignment of error, the defendant asks this Court to reconsider its ruling on defendant's motion to produce the confidential informant. The trial court had granted the defendant's motion. However, this Court reversed the trial court's ruling in State v. Gillet, unpub., 98-K-2980 (La.App. 4th Cir. 3/17/99). In granting the State's writ application, this Court stated:
In this case, the informant participated to a limited extent in the offense with which the defendant is charged: the sale of cocaine in the men's room at the Hideout Bar. The informant introduced the undercover officer to the defendant and accompanied the officer and the defendant to the men's room. Thereafter, the informant left the men's room at the officer's direction. The actual transaction occurred in the men's room absent the informant. We conclude the informant's participatory actions occurred entirely within the officer's presence; therefore, disclosure of the informant's identity on this basis is not warranted. See State v. Wolfe, 630 So.2d 872 (La.App. 4 Cir.1993), writ denied, 94-0448 (La.10/28/94), 644 So.2d 648; compare State v. Clark, 553 So.2d 1020 (La.App. 4 Cir.1989); State v. Fontenot, 524 So.2d 867 (La.App. 3 Cir. 1988).
This Court has stated that "an appellate court will not reverse its pretrial determinations ... unless the defendant presents new evidence tending to show that the decision was patently erroneous and produced an unjust result. State v. Taylor, 550 So.2d 712, 718 (La.App. 2nd Cir.1989), writ denied, 556 So.2d 54 (La. 1990). While a different decision on appeal is not absolutely precluded, judicial efficiency demands that great deference be accorded to the earlier decision. State v. Humphrey, 412 So.2d 507, 523 (La.1981) *729 (on rehearing)." State v. Joseph, 573 So.2d 1248, 1252 (La.App. 4th Cir.1991), writ denied, 577 So.2d 31 (La.1991).
A review of the trial transcript reveals that no new evidence was introduced to suggest that the previous decision of this Court was erroneous. Detective Jewell testified at trial that the confidential informant accompanied him to the lounge and introduced him to the defendant. However, the officer stated that he and the defendant were the only people in the restroom at the time of the narcotics transaction; therefore, the confidential informant was not present during the transaction. The defendant argued pre-trial and on appeal the defense of entrapment. However, the defendant has not produced any evidence in support of his argument other than his own testimony. The defendant testified at trial that the confidential informant asked him to locate some cocaine. The jury heard this testimony and chose not to accept it. Further, the defendant admitted at trial that the confidential informant was not in the restroom at the time of the transaction.
This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 2
In this assignment, the defendant contends that the sentence imposed, although the minimum sentence possible, was unconstitutionally excessive in light of State v. Dorthey, 623 So.2d 1276 (La.1993).
Article 1, Section 20 of the Louisiana Constitution of 1974 provides that "No law shall subject any person ... to cruel, excessive or unusual punishment."
A sentence within the statutory limit is constitutionally excessive if it is "grossly out of proportion to the severity of the crime" or is "nothing more than the purposeless imposition of pain and suffering." State v. Caston, 477 So.2d 868 (La. App. 4th Cir.1985). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La. C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982).
If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Quebedeaux, supra; State v. Guajardo, 428 So.2d 468 (La.1983).
The trial court's failure to comply with La. C.Cr.P. art. 894.1 does not automatically render the sentence invalid. A sentence will be upheld if the record clearly illumines the sentencing choice and reflects that the sentence is not excessive. State v. Smith, 430 So.2d 31 (La. 1983). The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly demonstrates an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
After adjudicating the defendant to be a second felony offender, the trial court vacated the original sentence and resentenced the defendant to fifteen years at hard labor with the first five years without the benefit of probation, parole or suspension of sentence. The sentence imposed was the minimum sentence possible under La. R.S. 15:529.1 and La. R.S. 40:967. Prior to sentencing the defendant, the trial court noted the defendant had a felony conviction for attempted armed robbery in 1992 and a misdemeanor conviction for possession of a stun gun in 1993.
The minimum sentences imposed on multiple offenders by the Habitual Offender Law are presumed to be constitutional. State v. Johnson, 97-1906 *730 (La.3/4/98), 709 So.2d 672. The defendant bears the burden of rebutting the presumption that the mandatory minimum sentence is constitutional. State v. Short, 96-2780 (La.App. 4th Cir. 11/18/98), 725 So.2d 23, writ denied, 99-0198 (La.5/14/99), 745 So.2d 11. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it that would rebut the presumption of constitutionality. State v. Johnson, 97-1906 at p. 7, 709 So.2d at 676.
The defendant has not produced any evidence in support of his argument that the minimum sentence is unconstitutionally excessive. Therefore, the sentence of fifteen years at hard labor with the first five years without the benefit of probation, parole or suspension of sentence imposed by the trial court is not unconstitutionally excessive.
This assignment is without merit.
For these reasons, we affirm the defendant's conviction and sentence.
AFFIRMED.