STATE OF LOUISIANA,
v.
BRANDON A. GRIFFIN.
No. 2009 KA 0423.
Court of Appeals of Louisiana, First Circuit.
September 11, 2009.
Not Designated for Publication.
WALTER P. REED, District Attorney, Counsel for Appellee State of Louisiana.
KATHRYN LANDRY, Special Appeals Counsel, FRANK SLOAN, Louisiana Appellate Project Counsel for Defendant/Appellant Brandon A. Griffin.
Before: WHIPPLE, HUGHES, and WELCH, JJ.
HUGHES, J.
The defendant, Brandon A. Griffin, was charged by bill of information with distribution of cocaine, a violation of LSA-R.S. 40:967(A)(1) (Count 1), and possession with intent to distribute cocaine, a violation of LSA-R.S. 40:967(A)(1) (Count 2). The defendant pled not guilty and, following a jury trial, he was found guilty as charged on Count 1 and guilty of the responsive offense of possession of cocaine, a violation of LSA-R.S. 40:967(C), on Count 2. The State filed a "multiple offender" bill of information. At the habitual offender hearing, the defendant admitted to the allegations of the habitual offender bill and waived the habitual offender hearing. The trial court adjudicated the defendant a third-felony habitual offender. On the enhanced distribution of cocaine conviction, the defendant was sentenced to twenty-five years at hard labor without benefit of probation, and with two years of the sentence to be served without benefit of parole. On the possession of cocaine conviction, the defendant was sentenced to five years at hard labor with two years of the sentence to be served without benefit of parole. The five-year sentence was ordered to run concurrently with the twentyfive year sentence. The defendant now appeals, designating two assignments of error. We affirm the convictions, the habitual offender adjudication, and the sentence on Count 1. We amend the sentence on Count 2 and affirm as amended. We remand for correction of the minutes and, if necessary, the commitment order.

FACTS
On August 9, 2007 a confidential informant told Sergeant Fred Ohler, with the Slidell Police Department, that the defendant and a female were selling crack cocaine throughout the Slidell area. The confidential informant put Sergeant Ohler in contact with the defendant by telephone. Working undercover, Sergeant Ohler told the defendant that he needed $200 worth of crack cocaine and that he was at the Deluxe D Motel, room 111, in Slidell. The defendant called back about thirty minutes later and spoke to Sergeant Brad Rummell, with the St. Tammany Parish Sheriffs Office, who was also working in an undercover capacity. The defendant told Sergeant Rummell to step outside of the motel room and that, when the defendant saw him, he (defendant) would send in two girls with the drugs. Several minutes later, the defendant drove into the motel parking lot with two females. The two females exited the vehicle and entered the motel room. One of the females handed Sergeant Rummell crack cocaine in exchange for $200. A takedown signal was then given, and the females were arrested.
Sergeant Ohler and Detective David Lentz, with the Slidell Police Department, approached the defendant, who had never left the vehicle. Sergeant Ohler advised the defendant to exit the vehicle and asked him if the two females who went inside the motel room traveled with him. The defendant responded in the affirmative. Sergeant Ohler asked the defendant if he had any contraband or weapons in his pockets or the vehicle. The defendant responded in the negative. Sergeant Ohler noticed that the defendant was very nervous and had motioned toward his right pocket. Sergeant Ohler asked the defendant to remove the contents of his pockets. As the defendant began removing something from his pocket, Sergeant Ohler observed the corner of a cellophane bag and seized the bag, which contained crack cocaine.

ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, the defendant argues that the sentence imposed for his possession of cocaine conviction is illegally excessive. Specifically, the defendant contends that for his possession of cocaine conviction, the trial court ordered that two years of his five-year sentence was to be without parole.
The sentencing provision for possession of cocaine contains no parole restrictions. See LSA-R.S. 40:967(C)(2). At sentencing, the following relevant colloquy took place:
The Court: As to Count II [possession of cocaine conviction], I sentence him to five years at hard labor to run concurrently with the sentence in Count I.. ..
Mr. Dearing [prosecutor]: Your Honor, two matters. The State believes that two years of each of those sentences is without parole as the law specified.
The Court: That is correct.
Mr. Dearing: And just to make sure.
The Court: One on Count I. They came back possession.
Mr. Dearing: I didn't know that because I didn't handle the case. Then I The
Court: Count I, two years of the sentence is without parole. As to Count II it is just five years concurrent.
The trial court initially sentenced the defendant properly regarding Count 2. However, the trial court then agreed with the prosecutor's incorrect assertion that two years of the Count 2 sentence was without parole. It then appeared that the trial court corrected itself when it stated that the sentence on Count 1 was two years without parole, but Count 2 was "just five years concurrent." However, the minutes indicate that for the possession of cocaine conviction, the defendant was sentenced to five years at hard labor with "two (2) years of said sentence to be served without benefit of parole."
There is no commitment order in the record. Since the denial of any parole eligibility on the defendant's sentence for possession of cocaine is unlawful, we amend the sentence to delete that portion providing that two years of the sentence be served without benefit of parole. Resentencing is not required. Because the trial court sentenced the defendant to the maximum possible period of imprisonment, it is not necessary for us to remand for resentencing after removing the parole prohibition. However, we remand the case and order the district court to amend the commitment order, if necessary, and the minute entry of the sentencing, accordingly. See State v. Benedict, 607 So.2d 817, 823 (La. App. 1st Cir. 1992). See also State v. Miller, 96-2040, p. 3 (La. App. 1st Cir. 11/7/97), 703 So.2d 698, 700-01, writ denied, 98-0039 (La. 5/15/98), 719 So.2d 459.

ASSIGNMENT OF ERROR NO. 2
In his second assignment of error, the defendant contends that the trial court failed to properly advise him of the two-year prescriptive period for filing for postconviction relief under LSA-C.Cr.P. art. 930.8.
Following sentencing the defendant, the trial court stated, "I notify him he has two years from this date to file any post conviction relief request." The prescriptive period for filing postconviction does not begin to run until after the judgment of conviction and sentence becomes final. However, as the issue of filing for postconviction relief has been raised herein, it is apparent that the defendant has notice of the limitation period and/or has an attorney who is in the position to provide him with such notice. Although we have done so in the past, we decline to remand for the trial court to provide such notice. Instead, out of an abundance of caution and in the interest of judicial economy, we note that LSC.Cr.P. art. 930.8(A) generally provides that no application for postconviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. arts. 914 or 922. See State v. Godbolt, XXXX-XXXX, pp. 7-8 (La. App. 1st Cir. 11/3/06), 950 So.2d 727, 732.

PRO SE ASSIGNMENT OF ERROR NO. 1
In his first pro se assignment of error, the defendant argues the evidence was insufficient to convict him of distribution of cocaine. Specifically, he contends the State failed to prove he was a principal to the crime.
A conviction based on insufficient evidence cannot stand as it violates due process. See U.S. Const, amend. XIV; La. Const, art. I, § 2. The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See also LSA-C.Cr.P. art. 821(B); State v. Ordodi, XXXX-XXXX, p. 10 (La. 11/29/06), 946 So.2d 654, 660; State v. Mussall, 523 So.2d 1305, 1308-09 (La. 1988). The Jackson v. Virginia standard of review, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides that the factfinder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. See State v. Patorno, 2001-2585, pp. 4-5 (La. App. 1st Cir. 6/21/02), 822 So.2d 141, 144.
The parties to crimes are classified as principals and accessories after the fact. LSA-R.S. 14:23. Principals are all persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime. LSA-R.S. 14:24. Only those persons who knowingly participate in the planning or execution of a crime are principals. An individual may be convicted as a principal only for those crimes for which he personally has the requisite mental state. See State v. Pierre, 93-0893 (La. 2/3/94), 631 So.2d 427, 428 (per curiam). The State may prove a defendant guilty by showing that he served as a principal to the crime by aiding and abetting another.
A defendant is guilty of the charged crime if he knowingly or intentionally distributes cocaine. See LSA-R.S. 40:967(A). Only general criminal intent is required. Such intent is established by mere proof of voluntary distribution. See State v. Parker, 536 So.2d 459, 463 (La. App. 1st Cir. 1988), writ denied, 584 So.2d670 (La. 1991).
Under LSA-R.S. 40:961(14), the term "distribute" means:
to deliver a controlled dangerous substance whether by physical delivery, administering, subterfuge, furnishing a prescription, or by filling, packaging, labeling or compounding the substance pursuant to the lawful order of a practitioner.
"Distributor" means a person who delivers a controlled dangerous substance as herein defined. LSA-R.S. 40:961(15). The term "deliver" is defined in LSA-R.S. 40:961(10) as "the transfer of a controlled dangerous substance whether or not there exists an agency relationship." In addition, the case law has defined "deliver" as transferring possession or control. State v. Martin, 310 So.2d 544, 546 (La. 1975). Transfer of possession or control, i.e., distribution, is not limited to an actual physical transfer between the culpable parties. Rather, distribution may be accomplished by the imposition of a third party. State v. Gentry, 462 So.2d 624, 627 (La. 1985). A defendant may be guilty as a principal in the crime of distribution if he aids and abets in the distribution or directly or indirectly counsels or procures another to distribute a controlled dangerous substance. LSR.S. 14:24; LSA-R.S. 40:967; State v. Hutchins, 502 So.2d 606, 608 (La. App. 3rd Cir. 1987). See Parker, 536 So.2d at 463.
The trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. Moreover, when there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. The trier of fact's determination of the weight to be given evidence is not subject to appellate review. An appellate court will not reweigh the evidence to overturn a factfinder's determination of guilt. State v. Taylor, 97-2261, pp. 5-6 (La. App. 1st Cir. 9/25/98), 721 So.2d 929, 932.
The defendant asserts in his pro se brief that every reasonable hypothesis of innocence cannot be excluded. It is possible, according to the defendant, that he knew nothing of the drug transaction that took place. He further contends there was no evidence to prove he aided and abetted Delores Parker (the person who actually performed the drug transaction) in the commission of the offense.
Sergeant Ohler testified at trial he had been informed by a Slidell Police Department confidential informant that the defendant and Delores Parker were distributing crack cocaine throughout the Slidell area. When Sergeant Ohler set up the drug deal on the phone at the motel room, the person Sergeant Ohler spoke to identified himself as "Brandon." Sergeant Rummell, who was instructed by Sergeant Ohler to take over talking to "Brandon" on the phone in an undercover capacity, testified at trial that the "individual" informed him on the phone that they would be driving to the motel parking lot. Sergeant Rummell told the individual he was in room 111, and the pre-arranged price was $200 for crack cocaine. Upon arriving, the individual would "send in the two girls with the stuff." When the as of yet unidentified individual arrived in the motel parking lot about one minute after speaking to Sergeant Rummell on the phone, the individual signaled to Sergeant Rummell, who had stepped out of the motel room. Two females, one of whom was Parker, exited his vehicle and entered the agreed-upon motel room. Therein, Parker sold Sergeant Rummell $200 worth of crack cocaine. Moments later, the individual who waited in his vehicle during the drug transaction was arrested and identified as the defendant.
The guilty verdict indicates the jury accepted the testimony of the State's witnesses as true and rejected the hypothesis of innocence offered by the defense. See State v. Moten, 510 So.2d 55, 61 (La. App. 1st Cir.), writ denied, 514 So.2d 126 (La. 1987). It is clear from the facts and the testimony of the police officers that the defendant used Parker as a "runner" to deliver his drugs and secure payment for delivery. The distribution of the cocaine by the defendant was accomplished by the imposition of a third party, namely Parker, who was sent by the defendant to effect the actual drug transaction. As an aider and abettor or as someone who counseled or procured Parker to distribute the cocaine, the defendant was a principal to the crime of distribution of cocaine. We are constitutionally precluded from acting as a "thirteenth juror" in assessing what weight to give evidence in criminal cases. See State v. Mitchell, 99-3342, p. 8 (La. 10/17/00), 772 So.2d 78, 83. The fact that the record contains evidence which conflicts with the testimony accepted by a trier of fact does not render the evidence accepted by the trier of fact insufficient. State v. Quinn, 479 So.2d 592, 596 (La. App. 1st Cir. 1985).
After a thorough review of the record, we find the evidence supports the jury's verdict. We are convinced that viewing the evidence in the light most favorable to the State, any rational trier of fact could have found beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the defendant was guilty of distribution of cocaine. This pro se assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR NO. 2
In his second pro se assignment of error, the defendant argues that the trial court violated his right to due process. Specifically, he contends the trial court erred in denying his motion to reveal the identity of the confidential informant.
At the hearing on the motion to reveal the identity of the confidential informant (c.i.), Sergeant Ohler testified that the c.i. informed him about the defendant and facilitated the initial phone call between Sergeant Ohler and the defendant. Beyond these initial introductions by the c.i., according to Sergeant Ohler, the c.i. was not involved in any way in the drug transaction between Parker and Sergeant Rummell. Sergeant Ohler testified the c.i. was in the motel room. The State asked, "Was he or she involved in the transaction? What did he or she do while in the motel room?" Sergeant Ohler responded, "While in the motel room, it [sic] was just standing around. It [sic] was not an active participant in the transaction at all."[1]
As a general rule the State is not required to divulge the name of a confidential informant to the accused. However, an exception is made when the c.i. was a participant in an illegal drug transaction. State v. Buffington, 452 So.2d 1313 (La. App. 1st Cir. 1984).
The c.i. in the instant matter helped put Sergeant Ohler in phone contact with the defendant. It appears the c.i. was also present during the transaction. However, the c.i. did not play a crucial role in the actual transaction between Parker and Sergeant Rummell that led to the defendant's arrest. See State v. Clark, 2005-61, pp. 13-14 (La. App. 5th Cir. 6/28/05), 909 So.2d 1007, 1015-16, writ denied, 2005-2119 (La. 3/17/06), 925 So.2d 538. See also State v. Diliberto, 362 So.2d 566, 567-68 (La. 1978); State v. Jackson, 94-1500, pp. 7-8 (La. App. 4th Cir. 4/26/95), 654 So.2d 819, 823, writ denied, 95-1281 (La. 10/13/95), 661 So.2d 495. Accordingly, since the c.i.'s contact with the defendant did not constitute a drug transaction, the participant exception is inapplicable, and the State was not required to divulge the name of the c.i.. The trial court did not err in denying the motion to reveal the identity of the confidential informant. This pro se assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR NO. 3
In his third assignment of error, the defendant argues that the trial court violated his right to due process. Specifically, he contends that the trial court erred in denying his motion for subpoena duces tecum to produce all phone records.
On April 18, 2008, the defendant, through defense counsel, filed a motion for subpoena duces tecum requesting the court for an order directing that the subpoena be issued to the St. Tammany Parish Sheriff's Office and requiring it to produce copies of any and all telephone records from August 9, 2007 documenting the call from the c.i. to the defendant's phone and to deliver those copies to defense counsel's office.
The trial court denied the motion. On the motion order, the reasons for denial were handwritten to the side. The trial court noted, in effect, that a subpoena duces tecum is a discovery device in a civil proceeding. In criminal matters, there are no provisions for allowing for a subpoena duces tecum as a discovery device.
The trial court ruling is correct. See LSA-C.Cr.P. arts. 716 et seq. Louisiana Code of Criminal Procedure article 732, which appears under the title "Compulsory Process," is titled "Subpoena duces tecum" and provides that such a subpoena may order a person to produce at the trial or hearing, books, papers, documents, or any other tangible things in his possession or under his control. This statute does not automatically authorize the disclosure of documents for discovery purposes or as part of a "fishing expedition." (Emphasis added.) See State v. Johnson, XXXX-XXXX, p.6 (La. App. 1st Cir. 12/22/00), 775 So.2d 670, 676, writ denied, XXXX-XXXX (La. 5/30/03), 845 So.2d 1066. In any event, the State provided the defendant with open-file discovery. Therefore, the defendant was entitled to anything, including phone records, the State may have had in its possession regarding this matter. This court cannot possibly determine what was or was not provided to defense counsel through open-file discovery. This pro se assignment of error is without merit.

REVIEW FOR ERROR
The defendant asks this court to examine the record for error under LSC.Cr.P. art. 920(2). This court routinely reviews the record for such errors, whether or not such a request is made by a defendant. Under LSA-C.Cr.P. art. 920(2), we are limited in our review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. After a careful review of the record in these proceedings, other than the parole issue addressed in the first assignment of error, we have found no reversible errors. See State v. Price, 2005-2514, pp. 18-22 (La. App. 1st Cir. 12/28/06), 952 So.2d 112, 123-125 (en banc), writ denied, XXXX-XXXX (La. 2/22/08), 976 So.2d 1277.
CONVICTIONS AFFIRMED, HABITUAL OFFENDER ADJUDICATION AFFIRMED, COUNT 1 SENTENCE AFFIRMED, COUNT 2 SENTENCE AMENDED AND AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTION TO CORRECT THE MINUTES AND, IF NECESSARY, COMMITMENT ORDER.
NOTES
[1] It is not clear if the other female (not Parker) in the defendant's vehicle was the c.i. The following colloquy between defense counsel and Sergeant Ohler is suggestive of this:

Q. Isn't it true that in your police report you say that Detective Rummell and Caprillian (spelled phonetically) then walk out of a hotel room and make contact with Delores Parker and the CI, and then the CI introduced detectives to Parker?
A. Yes, ma'am.
Q. So the CI did have some participation in introducing the detectives to Parker, which was the defendant's codefendant in this case?
A. Yes, ma'am. But as far as the actual transaction, the informant did not have any direct involvement other than the initial introduction. (R. p. 290).