*824
 
 ROLAND L. BELSOME, Judge.
 

 1,011 November 16, 2007, the State of Louisiana charged Wendell Santamarina by bill of information with one count of violating La. R.S. 40:966(A), possession with intent to distribute heroin. The defendant appeared before the trial court for arraignment and pled not guilty to the charge. At a later date, the trial court heard the defendant’s motion to suppress evidence, motion to suppress statement, motion to suppress identification, and held a preliminary hearing. At the close of the hearing the trial court ordered the parties to submit memoranda and took the matter under advisement. On April 10, 2008, the trial court granted the motion to suppress the evidence, found no probable cause, and ordered the defendant’s release. The State then sought writs from this Court. This Court, with Judge Belsome dissenting, granted the State’s writ application, reversed the trial court’s April 10, 2008 decision to grant the motion to suppress the evidence, and remanded the matter back to the trial court for further proceedings. State
 
 of Louisiana v. Wendell Santamarina,
 
 2008-0442 (La.App. 4 Cir. 10/10/08).
 

 The defendant elected to have his case tried by the trial judge and the trial commenced on August 3, 2009. At trial, the State presented testimony from four | ^witnesses. After closing arguments, the trial court found the defendant guilty of simple possession of heroin.
 

 Subsequently, the trial court sentenced the defendant to four years at hard labor ■with the Department of Corrections. After the State filed a multiple bill, the parties appeared before the trial court for a hearing. At the close of the hearing, the trial court found the defendant to be a second felony offender. The trial court then vacated its previous sentence and re-sentenced the defendant to five years at hard labor. At the defendant’s request, the trial court ordered the defendant to enter and complete the Blue Waters Drug Program. This appeal followed.
 

 As his sole assignment of error, the defendant asserts that the search warrant in this case cannot sustain a finding that there was probable cause to search and should not be accorded any “good faith” because of the alleged intent to defraud the magistrate. Accordingly, the defendant argues that the trial court’s finding of guilt should be reversed because it is based upon unlawfully seized evidence. In other words, the defendant again assails the same warrant that this Court ratified in
 
 State of Louisiana v. Wendell Santamarina,
 
 2008-0442 (La.App. 4 Cir. 10/10/08).
 

 Although this Court has previously ruled on the sufficiency of the probable cause in granting the search warrant, the defendant re-urges the argument in this appeal claiming that new evidence was produced at trial revealing misrepresentations and fraud in obtaining the warrant. As noted in
 
 State v. Gillet,
 
 99-2474, p. 5 (La.App. 4 Cir. 5/10/00), 763 So.2d 725, 728-29:
 

 This Court has stated that “an appellate court will not reverse its pretrial determinations ... unless the defendant presents new evidence tending to show that the decision was patently erroneous and produced an unjust result”. While a different decision on appeal is not absolutely precluded, judicial efficiency demands that great deference be accorded to the earlier decision, (citations omitted).
 

 When a search warrant is involved, the issue is whether, given the circumstances set forth within the four corners of the affidavit, there was a fair probability that evidence of a crime or contraband will be found in the place list
 
 *825
 
 ed. The reviewing court’s task is to determine whether the magistrate had a “substantial basis” for concluding that probable cause existed.
 

 According to the warrant application, Officer Varnado sought to search the residence at 3127 Pauger Street, the assigned FEMA trailer, and a gold Lexus with license plate OVT 729. According to Officer Varnado’s affidavit, “Sgt. Mornay received information from a reliable and tested source, that HEROIN was possibly being stored and sold from 3127 Pauger Street.”
 
 [1]
 
 On September 20, 2007 at about 10:45 p.m. the sergeant initiated surveillance at the Pauger Street address and noted a trailer on the property with no signs of activity. The sergeant noted a gold Lexus with license plate OVT729, checked the plate, and found that the Lexus was registered to the defendant, who had a felony conviction for armed robbery and two drug offenses; the last arrest occurred in that area at the corner of North Dorgenois and Allen Streets (the defendant was released from probation in December 2006). The sergeant’s surveillance terminated about 12:05 a.m., and he returned to the location at about 1:00 a.m., but the Lexus was still parked and had not moved.
 

 The defendant asserts that this Court should reverse itself and find the warrant unlawful because the police failed to tell the reviewing magistrate that: 1) their opinion that the property was being used as a stash house for heroin was based on one visit to the house by a known drug dealer; 2) the defendant was not | identified as the person who met with Jude Henry outside of the house; 3) the canine’s alert to the console area of the car proved unreliable because no drugs were found after the initial examination by Officer Hinrichs; and 4) the defendant had been arrested prior to the execution of the warrant and questioned although no drugs or significant cash were found on his person.
 
 [2]
 

 Thus, the defendant contends that the evidence seized pursuant to the warrant should have been suppressed because the record indicates that the officers were acting in bad faith. The State maintains that the facts set out in the warrant affidavit are consistent with the testimony adduced at trial and the motion hearing. After reviewing the record, we agree.
 

 The defendant first argues that the search warrant should be found invalid because the police failed to inform the magistrate that their sole basis for thinking that 3172 Pauger was being used in connection with narcotics trafficking was the informant’s observation of a visit to the property by a known drug dealer. The record does not bear out this contention. Simply put, the warrant application reveals
 
 *826
 
 that the opinion that 3127 Pauger Street was being used in connection with narcotics trafficking was based on the following observations: 1) information provided by a trusted informant, which, in this case, proved to be a D.E.A. agent; 2) the Lexus observed on the property was found to be registered to the defendant, who had a felony conviction for armed robbery and two drug offenses; 3) one of the drug arrests occurred at the corner of North Dorgenois and Allen Streets, where Lthe defendant was being detained at the time of the warrant application; 4) Officer Var-nado observed what he thought, based on his experience, to be a quick, street-level drug transaction at 3127 Pauger Street; 5) a police canine alerted to several spots on the defendant’s vehicle, which led Officer Varnado to conclude that narcotics had once been stored inside of the vehicle and that it had been used to transport narcotics for distribution; and 6) the defendant’s statements to Lieutenant Mornay were untruthful and evasive. Clearly, the search warrant at issue in this matter was based on more than the information provided to the N.O.P.D. by the D.E.A.
 

 Further, after reviewing the record, it does not appear that the warrant misrepresents the nature of the information relayed by the D.E.A. The warrant application notes that the informant relayed information that 3127 Pauger Street might possibly be used to store and sell heroin. At trial, Special Agent McLaughlin testified that Special Agent Philben informed Lieutenant Mornay that 3127 Pauger Street was being used as a stash house for heroin. At trial, Lieutenant Mornay testified that he was contacted by a D.E.A. agent who informed him that the property at 3127 Pauger Street might possibly be involved in narcotics trafficking. As noted by the State, Special Agent McLaughlin never spoke with Lieutenant Mornay. Rather, Special Agent Philben, who did not testify at trial, spoke with Lieutenant Mornay. Clearly, the slight differences represented by the foregoing accounts do not support the defendant’s contention that the police misled the magistrate on this point or that any officer was intentionally misrepresenting the truth.
 

 | BThe defendant next asserts that warrant should be found invalid because it failed to indicate that no one identified the defendant as the person who met with Jude Henry outside of the residence. However, the defendant fails to explain the importance of this alleged omission or identify the “new evidence” that was adduced at trial on this issue. Moreover, as noted, the information contained in the warrant application that is attributable to the informant does not misrepresent the nature of the information relayed by the D.E.A. to Lieutenant Mornay. Thus, the omission of the foregoing fact does not support the defendant’s argument or warrant the reversal of his conviction and sentence.
 

 Next, the defendant asserts that the search warrant should be found improper because the police failed to inform the magistrate that no drugs were found in or around the center console of the defendant’s vehicle. Again, this is not new evidence. This information was available and brought to the attention of this Court in defendant’s previous writ application.
 

 The warrant application clearly states that the canine’s actions suggested that “narcotics were once stored inside of the vehicle.” Additionally, the police dog also alerted to the vehicle’s locked trunk, an area not searchable by the police without a warrant. As noted by the record and the warrant application: 1) Lieutenant Mor-nay had received information from a source that the property at 3127 Pauger might be used in the drug trade; 2)
 
 *827
 
 through subsequent surveillance, Officer Varnado observed the defendant make numerous trips from the trailer to the vehicle and from the residence to the vehicle; 3) Officer Varnado observed the defendant engage in what he thought to be a narcotics transaction; 4) shortly after the foregoing, the defendant was followed to the corner of North Dorgenois and Allen streets; and 5) the defendant had already been arrested once before at the |7corner of North Dorgenois and Allen streets for narcotics trafficking. In other words, it does not appear that the omission of the foregoing fact is indicative of deception. Rather, the facts indicate that the police had a reasonable belief that the defendant’s vehicle was being used to store and transport narcotics regardless of whether anything was found in the center console.
 

 Lastly, the defendant asserts that this Court should strike the search warrant because the magistrate was not told that the defendant had been arrested and questioned prior to the execution of the warrant and that no drugs or significant amounts of cash were found on his person.
 

 This Court is reluctant to find the warrant application is deficient because it failed to make the legal conclusion that the officers questioning of the defendant amounted to an arrest prior to the warrant application. Whether or not the defendant was arrested within the meaning of the law is a legal conclusion. Nevertheless, an examination of the warrant application reveals that it indicates accurately that: 1) Lieutenant Mornay approached the defendant for questioning; 2) Lieutenant Mor-nay advised the defendant of his Miranda rights, and the defendant offered to cooperate; and 3) the defendant spoke at length with Lieutenant Mornay about his actions over the preceding evening. Clearly, on this point the warrant application accurately described the stop and questioning of the defendant.
 

 Suppression of evidence is the appropriate remedy only if:
 

 (1) the affiant misled the magistrate by including in the affidavit misleading statements which the affiant knew were false or would have known were false, except for reckless disregard for the truth; (2) the magistrate abandoned his neutral and detached role; (3) the affi-ant was so lacking of indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) the warrant was deficient and could not be presumed valid.
 

 ls(Footnotes omitted)
 
 State v. Horton,
 
 2001-2529, p. 7 (La.6/21/02), 820 So.2d 556, 561, citing
 
 United States v. Leon,
 
 468 U.S. 897, 923, 104 S.Ct. 3405, 3421, 82 L.Ed.2d 677. None of the four scenarios seem to apply in this case. It appears that the officers who executed the warrant had a good faith belief that their actions were justified by the issuance of the search warrant. The defendant has failed to present new evidence tending to show that this Court’s previous decision was patently erroneous and produced an unjust result.
 

 Accordingly, the defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . According to Lieutenant Mornay's testimony at the motion hearing, he knew the person making the call even though no name was given. The informant had provided reliable information in the past; after the arrest, the informant called back to check to see what had happened. Further, Lieutenant Mornay stated that the informant also described the FEMA trailer and the car.
 

 [2]
 

 . On this point, the defendant cites to
 
 State
 
 v.
 
 Horton,
 
 2001-2529 (La.6/21/02), 820 So.2d 556, for the proposition that evidence seized pursuant to a warrant can be suppressed when it is shown that officers omitted key information from a warrant application. In
 
 Horton,
 
 the Supreme Court held that the officers acted in bad faith when they failed to inform the magistrate that: 1) the confidential informant bought no drugs from the defendant and was paid $700.00 for the information provided; 2) after extensive surveillance, the officers did not observe the defendant engage in any suspicious activity; and 3) a subsequent search of a bag given by the defendant to a third person failed to turn up any contraband.